**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-1229**

———————

LISA L. HARTMAN,

               Plaintiff – Appellant,

    v.

UNIVERSITY OF MARYLAND AT BALTIMORE,

               Defendant - Appellee.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:10-cv-02041-JFM)

———————

Submitted: October 31, 2014     Decided: December 11, 2014

———————

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John H. Morris, Jr., Baltimore, Maryland, for Appellant. Douglas F. Gansler, Attorney General of Maryland, Paul D. Raschke, Assistant Attorney General, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lisa L. Hartman appeals from the district court's grant of summary judgment exercising supplemental jurisdiction and denying Hartman's state-law-based age discrimination claim and other claims, including a separate claim of age discrimination under the Age Discrimination and Employment Act (ADEA). Hartman argues that the district court abused its discretion in exercising supplemental jurisdiction over her state law age discrimination claim, made under the Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606(a)(1)(i) (FEPA). She contends also that in considering her claim, the district court did not ascertain the applicable Maryland state law and apply it to her claim. She further asserts that she presented sufficient evidence for her state claim to survive summary judgment. Finding no error, we affirm.

We review a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in the light most favorable to the nonmoving party. Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 460 (4th Cir. 2012). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is

2

a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). A district court should grant summary judgment unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

The district court properly exercised jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367 (2012), which provides that district courts may exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The state and federal claims "must derive from a common nucleus of operative fact. . . . [I]f the plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then . . . there is power in federal courts to hear the whole." Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 662 (4th Cir. 1998) (internal quotation marks omitted). Hartman contends that the district court abused

3

its discretion in exercising jurisdiction over the FEPA claim because the standard of what is required to support a claim for age-related discrimination under FEPA is not the same as under the ADEA, and the district court treated the claims as the same. Hartman contends that under Maryland law, the court could theoretically decide to apply the mixed-motive approach, which a federal court is not permitted to consider in an ADEA claim. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 173-74 (2009).

The district court's exercise of discretion as to whether to remand a case to state court involves consideration of "principles of economy, fairness, convenience and comity." Carnegie-Mellon v. Cohill, 484 U.S. 343, 357 (1988). Here, the federal and state claims were the subject of the same summary judgment motion filed by the UMB, and they were decided at the same time in the same opinion by the district court. The district court correctly concluded that considerations of judicial economy outweighed any concerns about comity, and proceeded to decide the state claim, which was properly before it. Given the posture of the case, and the issues to be decided by the court, its retention of jurisdiction over Hartman's claim based on FEPA did not constitute an abuse of discretion.

Hartman contends that the district court should have remanded the state law claim because Maryland courts are not "legally bound to following federal case law construing

4

application of the ADEA, including relevant Supreme Court authority." She argues that the district court's failure "to ascertain the extent to which Maryland law, construing § 20-606 in the context of age discrimination, embraced the federal case law applying the ADEA" requires reversal. However, she fails to demonstrate that the district court's approach in this case was inconsistent with Maryland law interpreting FEPA or that this case presented any novel issues under FEPA. Hartman contends that the court should have applied a mixed-motive theory to prove her case and that the court did not do so because it is prohibited by federal law. See Gross, 557 U.S. at 175-78 (holding that ADEA does not permit mixed-motive discrimination claims; rather, the plaintiff must prove that the employer would not have taken the adverse action but for the protected ground). However, a mixed-motive analysis only applies where there is first some evidence that age discrimination played a role in Hartman's termination.

The ADEA forbids an employer from taking an adverse employment action against an employee "because of" the employee's age. 29 U.S.C. § 623(a)(1). Similarly, it is unlawful under Maryland law for an employer to "fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment because of . . . age."

5

Md. Code Ann., State Gov't § 20-606(a)(1); see also Md. Code Ann., State Gov't § 20-601(d)(2) (defining "employer" to include the State).  A plaintiff bringing a disparate-treatment suit pursuant to the ADEA must prove that age was not merely a motivating factor of the challenged adverse employment action but was in fact its "but-for" cause.  Gross, 557 U.S. at 180; see Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2523 (2013) (reaffirming Gross).  To do so, the plaintiff may either present direct evidence of the employer's impermissible motivation or proceed under the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-07 (1973).  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000) (assuming that McDonnell Douglas burden-shifting framework applies to ADEA claims); Mereish v. Walker, 359 F.3d 330, 334 (4th Cir. 2004) (applying McDonnell Douglas framework to ADEA claims).  In the absence of direct evidence of discrimination, "Maryland Courts have traditionally held that in employment discrimination actions, parties must engage in the . . . burden-shifting paradigm described by the . . . Supreme Court in McDonnell Douglas." Dobkin v. Univ. of Baltimore Sch. of Law, 63 A.3d 692, 699-700 (Md. Ct. Spec. App. 2013) (citing cases).

To prevail under the burden-shifting framework, Hartman must show that: (1) she is "a member of a protected

class"—that is, forty years or older; (2) she "suffered adverse employment action;" (3) she "was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open" or she was replaced by a substantially younger person. Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004).

With these standards in mind and after reviewing the record, we conclude that the district court did not err in granting summary judgment on Hartman's FEPA age discrimination claim. We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED